United States Courts
Southern District of Texas
FILED

*10/29/2024*

Nathan Ochsner, Clerk of Court

# United States District Court

## Southern District of Texas

## Houston Division

| | |
|---|---|
| **Maron Smith** | )( Civil No. |
| *PLAINTIFF* | )( |
| V | )( |
| | )( |
| | )( |
| **J. Foster (Constable precinct 4 place 1** (Individual Capacity) **)(** | |
| **J. Valdez (Constable precinct 4 place 1** (Individual Capacity) **)(** | |
| **A. Jackson(constable precinct 4 place 1** (individual Capacity) | |
| *DEFENDANT* | |

---

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42. U.S.C 1983

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Maron (plaintiff) individually Plaintiff brings this suit pursuant to Title

42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the

Fourth Amendments of the federal Constitution, by the defendant under color of

law in their individual capacity as Constables officers Harris County:

## JURISDICTION AND VENUE

Because this action is brought under 42. U.S.C. § 1983, this Court has jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

Venue is proper in this judicial district, under 28 U.S.C. § 1391(b), because a

substantial portion of the events, or omissions, giving rise to Plaintiffs' claims

occurred in the Southern District of Texas, Houston Division, in that:

Plaintiffs, at all relevant times, resided in Harris County, Texas; and

Defendants are found, or are employed, or at the time of the incidents giving rise to

this suit were so employed, in the Southern District of Texas, Houston Division.

Defendant J Foster Constable precinct 4 place 1, was -- at the time of his

unconstitutional acts in this case, including October 26th ,2022 as a Constable  He

is being sued in his individual capacity.

Defendant A. Jackson, was -- at the time of his unconstitutional acts in this case,

including October 26th ,2022 as a Constable at precinct 4 place 1, He is being sued

in his individual capacity

Defendant J. Valdez, was -- at the time of his unconstitutional acts in this case,

including October 26th ,2022 as a Constable at precinct 4 place 1, He is being sued

in his individual capacity

## PARTIES

Plaintiff Maron Smith resides in Harris County, Texas.

Defendant( J. Foster) was at the time giving rise to this complaint a constable

Officer for precinct 4 place 1, in Harris County, Texas,

Defendant (A. Jackson) was at the time giving rise to this complaint a constable

Officer for precinct 4 place 1, in Harris County, Texas,

Defendant J. Valdez was at the time giving rise to this complaint a constable

Officer for precinct 4 place 1, in Harris County, Texas,

## STATEMENT OF THE CASE

## 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory or the District of Columbia, subjects, or causes to

be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in

equity, or other proper proceeding for redress, except that in any action brought

against a judicial officer for an act or omission taken in such officer's judicial

capacity, injunctive relief shall not be granted unless a declaratory decree was

violated or declaratory relief was unavailable. For the purposes of this section, any

Act of Congress applicable exclusively to the District of Columbia shall be

considered to be a statute of the District of Columbia.

## Constitution of United States of America 1789 (rev. 1992)

## 4TH Amendment

The right of the people to be secure in their persons, houses, papers, and

effects, against unreasonable searches and seizures, shall not be violated,

and no Warrants shall issue, but upon probable cause, supported by Oath

or affirmation, and particularly describing the place to be searched, and

the persons or things to be seized

## (CODE OF CRIMINAL PROCEDURE 45.014 g)

A justice or judge shall recall an arrest warrant for the defendants failure to appear

if the defendant voluntarily appears and make good faith effort to resolve the arrest

warrant before the warrant is executed.

Plaintiff voluntarily appeared in court to make good faith efforts to quash the

warrants even though the plaintiff never signed the original citations and was not

taken to a magistrate immediately at the time of the offense

## (TEXAS TRANSPORTATION CODE 543.002)

Person Arrested to be taken before a magistrate (2). The person demands an immediate appearance before a magistrate or refuses to make a promise to appear in court as provided by this chapter. Plaintiff never promised to appear in court on the citation nor was plaintiff taken to magistrate

## (Failure to appear 38.10)

A person lawfully released from custody with or without bail on condition that he subsequently appears commits an offense if he intentionally or knowingly fail to appear in accordance with the terms of his release. Plaintiff was never in the custody of the courts under restraint by officials waiting to be released and promised to subsequently appear and failed to do so, nor did plaintiff sign a promise to appear when stopped by officer that issued the citation for there to be a failure to appear.

## (CODE OF CRIMINAL PROCEDURE 15.17 (g))

In part reads, if a person who was issued a citation under article 14.06(c) fails to appear as required by the citation, (assuming they signed the citation) the magistrate before which the person is required to appear shall issue a warrant for the arrest of the accused.

Plaintiff never signed a citation promising to appear for there to be warrants issued

for a failure to appear.

## STATEMENT OF FACTS GIVING RISE TO CLAIMS FOR RELIEF

On or about October 26, 2022 Plaintiff Maron smith walked into Harris County

justice of the Peace Court Precinct 4, place 1 located at 6831 Cypresswood dr.

Spring Tx 77379 to address plaintiff arrest warrants that had been issued 2 days

prior to incident. Plaintiff went to the clerk and asked if he could speak to the

judge and have his warrants recalled as plaintiff was there in good faith, voluntary

and plaintiff had recently missed court due to death of immediate loved one.

Clerk told plaintiff that he would not be able to see the judge and have the

warrants recalled. Plaintiff informed the clerk that according to the law plaintiff

was allowed to come in voluntary and see the judge and clerked disagreed.

After asking a few questions clerk said that plaintiff may need a bond or show

something to prove there was a death in family. Plaintiff explained that the death

of the immediate loved one was so recent that the family did not have all the

necessities to prove such at that moment as it was unexpected. Plaintiff then saw

officer J Foster go to the right side of the building to make a phone call in silence

after learning about plaintiffs warrants that he was there to address and get

recalled. Plaintiff went home to see if he could get any proof of death of which

plaintiff could not as it was too recent and unexpected passing of a loved one.

Plaintiff then decided to write up a motion to quash the arrest warrant and have

them recalled and file such motion. When plaintiff went and filed the motion on

the record plaintiff then went and presented  the motion to the clerk so she could

see the codes that said an individual can voluntary appear before the court and

get warrants recalled.

As plaintiff was talking with clerk plaintiff noticed J Foster signal the clerk as he

walked through the left back door that leads to the jail on that side of the

building. The signal was now clear for the clerk to stall plaintiff so the arresting

officers A. Jackson and J. Valdez to come on J. fosters commands and execute an

arrest warrant which says to bring plaintiff to the very court before the very judge

that plaintiff was already located and voluntarily appeared to address. The

plaintiff was arrested and transferred to a jail in downtown Houston which was

not where the arrest warrants said to take plaintiff. The plaintiff explained what

had happened to the court Downtown and how the plaintiff was actively within

the Safe Harbor provision of the code and on court grounds at the time of the

arrest only for the judge downtown to reset the case in Harris County Justice of

the Peace Court Precinct 4 place 1 where the case was later dismissed.

## COUNT I

## Maron Smith .'s 42 U.S.C. § 1983 4th Amendment  Seizure Violation guaranteed under the US Constitution

Arresting officers A. Jackson in connection with J. Foster and J. Valdez (

constable at precinct 4 place 1)had knowledge that plaintiff was at the court

to address the arrest warrants with the judge per the code as plaintiff did file

a motion with the same information on the record and officers were aware of

the plaintiffs filings. Plaintiff had the right to voluntarily appear and address

the warrants without being arrested for the same.

## Count II

## Claim for malicious Prosecution

Constable J. Foster knew the plaintiff was in the court to address the arrest

warrants within the safe harbor provisions of the law and chose on his own accord

to initiate an arrest at the clerks window after plaintiff provided the clerk with the

motion which stated the plaintiff could voluntarily appear to make good faith

efforts to get the warrants recalled before they were executed.


## PRAYER

Plaintiffs respectfully requests that this Court:

A.  Assert Jurisdiction over this action;

B.  Enter judgment in their favor on all counts and award the following relief

against Defendant:

1.Declaratory judgment that the Defendants violated Maron Smiths constitutional

rights.

2.  Compensatory damages, punitive damages, jointly and severally, exclusive of

costs and interests, to with Plaintiffs are found to be entitled;

 Such other relief as this Court deems just and equitable.

DATED:  October 28th  2024.


**Respectfully Submitted**

**Maron Smith**


**281-636-4876**

maronsmith20@gmail.com

**Pro Se**